KIRK, Judge
In this vehicle-forfeiture appeal, the state challenges the district court's grant of summary judgment to respondents, the driver and the registered owner of a vehicle seized pursuant to the driver's DWI arrest, arguing that the district court erred in concluding that Minn. Stat. § 169A.63, subd. 9(d), unconstitutionally violates procedural due process. Because we conclude that Minn. Stat. § 169A.63, subd. 9(d), is unconstitutional as applied here, we affirm.
FACTS
On August 16, 2015, respondent-driver Megan Ashley Olson was arrested for DWI. Megan had three prior DWI convictions and was charged with two counts of felony first-degree DWI under Minn. Stat. §§ 169A.20, subd. 1(1), (5), .24, subd. 1(1) (2014). Because first-degree DWI is a "designated offense," police also seized the vehicle that Megan was driving, a 1999 Lexus, for forfeiture. Minn. Stat. § 169A.63, subd. 1(e)(1) (2016). Megan received notice of the seizure and intent to forfeit at the time of her arrest. Megan was the primary driver of the Lexus, but Megan's mother, respondent-owner Helen Olson, is the registered owner. Helen was also served with notice of the seizure and intent to forfeit.
On October 7, 2015, the Olsons filed a demand for judicial determination of the vehicle forfeiture in the form of a civil complaint, and a court trial was set for February 11, 2016. Thereafter, the court trial was continued or rescheduled six times pending the outcome of Megan's related implied-consent and criminal-DWI matters. On May 16, 2016, Megan's driver's license revocation was upheld in her implied-consent case. On October 12, 2016, Megan pleaded guilty to one count of felony first-degree DWI in her criminal case, but she was not convicted until February 13, 2017.
On October 14, 2016, the Olsons moved for summary judgment in the forfeiture action. A hearing was scheduled for December *75 2016, but was continued until after Megan was sentenced for the DWI at the state's request. A hearing eventually took place in the forfeiture action on February 23, 2017. On May 24, 2017, the court granted the Olsons summary judgment, concluding that Minn. Stat. § 169A.63, subd. 9(d), does not provide for meaningful review after a prehearing vehicle seizure and therefore violates procedural due process. The court ordered the prompt return of the Lexus. The district court stayed its May 24, 2017 judgment pending the result of this appeal.
ISSUE
Did the district court err in concluding that Minn. Stat. § 169A.63, subd. 9(d), violates procedural due process and is unconstitutional?
ANALYSIS
I. Standard of Review.
"When the district court grants a summary judgment based on its application of statutory language to the undisputed facts of a case, ... its conclusion is one of law and our review is de novo." Lefto v. Hoggsbreath Enters., Inc. , 581 N.W.2d 855, 856 (Minn. 1998). Whether a statute violates procedural due process is also a question of law subject to de novo review. Sawh v. City of Lino Lakes , 823 N.W.2d 627, 632 (Minn. 2012) ; Williams v. Comm'r of Pub. Safety , 830 N.W.2d 442, 444 (Minn. App. 2013), review denied (Minn. July 16, 2013). "We presume that Minnesota statutes are constitutional and will declare a statute unconstitutional with extreme caution and only when absolutely necessary. The party challenging a statute on constitutional grounds must meet the very heavy burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional." Stevens v. Comm'r of Pub. Safety , 850 N.W.2d 717, 722 (Minn. App. 2014) (quotations and citations omitted); see Fedziuk v. Comm'r of Pub. Safety , 696 N.W.2d 340, 344 (Minn. 2005).
Minn. Stat. § 169A.63, subd. 8(a)-(d) (2016), subjects a vehicle used to commit a designated offense, such as first-degree DWI, to automatic administrative seizure, and requires that written notice of intent to forfeit be provided to the driver and the registered owner of a seized vehicle. Within 60 days of the seizure, a claimant may file a demand for judicial determination of the forfeiture in the form of a civil complaint. Minn. Stat. § 169A.63, subd. 8(e), (f) (2016). If a timely demand is made, the forfeiture proceedings are conducted according to the procedure outlined under Minn. Stat. § 169A.63, subd. 9. Id. , subd. 8(g) (2016). Minn. Stat. § 169A.63, subd. 9(d), provides that
A judicial determination under this subdivision must be held at the earliest practicable date, and in any event no later than 180 days following the filing of the demand by the claimant. If a related criminal proceeding is pending, the hearing shall not be held until the conclusion of the criminal proceedings. The district court administrator shall schedule the hearing as soon as practicable after the conclusion of the criminal prosecution. The district court administrator shall establish procedures to ensure efficient compliance with this subdivision. The hearing is to the court without a jury.
On appeal, the state argues that the district court erred in granting summary judgment because (1) the Olsons forfeited their right to a prompt hearing by agreeing to multiple continuances, and (2) Minn. Stat. § 169A.63, subd. 9(d), satisfies procedural due process on its face. The Olsons argue that they filed a timely demand for a judicial determination, that there is no effective hardship relief provided by *76 Minn. Stat. § 169A.63 (2016), and that the hearing timeline provided under Minn. Stat. § 169A.63, subd. 9(d), unconstitutionally prolongs review until after a driver's related criminal case is resolved.
II. The Olsons did not forfeit their challenge to the lack of a prompt review.
On appeal, the state argues that the Olsons forfeited their right to raise a procedural due-process challenge to Minn. Stat. § 169A.63, subd. 9(d), because they did not demand a prompt post-deprivation hearing and agreed to several continuances. Forfeiture is "the failure to make a timely assertion of a right." Troxel v. State , 875 N.W.2d 302, 313 n.3 (Minn. 2016). The state relies on Booker v. City of St. Paul , in which the Eighth Circuit concluded that the plaintiff-appellant forfeited his right to raise a procedural due-process challenge to Minn. Stat. § 169A.63, subd. 9(d), by waiting seven months after his vehicle's seizure to file a demand for judicial determination. 762 F.3d 730, 735 (8th Cir. 2014).
But unlike Booker , the Olsons filed a timely demand for judicial review within 60 days of the seizure by filing their civil complaint, as required by Minn. Stat. § 169A.63, subd. 8(e). Thereafter, a hearing in the forfeiture action was delayed several times based on the timeline of Megan's related DWI and implied-consent actions. In granting summary judgment, the district court noted that there was no dispute of material fact that the "matter was continued several times at the agreement of all involved as they awaited the conclusion of the underlying criminal action." We accept this fact as true. See STAR Ctrs., Inc. v.Faegre & Benson, L.L.P. , 644 N.W.2d 72, 76-77 (Minn. 2002) ("We view the evidence in the light most favorable to the party against whom summary judgment was granted.").
Nonetheless, the Olsons argue that even if they had objected to the continuances or demanded a hearing sooner, Minn. Stat. § 169A.63, subd. 9(d), necessarily and unconstitutionally delays judicial review of the prehearing seizure until the related criminal action is resolved, and that no objection to the delay could have cured that deficiency. Accordingly, even accepting that the Olsons agreed to the continuances here, we cannot conclude on this record that by doing so they forfeited their constitutional challenge to Minn. Stat. § 169A.63, subd. 9(d), as applied to them. It is the constitutionality of delaying a hearing until the related criminal matter is resolved to which we now turn.
III. The district court did not err in concluding that Minn. Stat. § 169A.63, subd. 9(d), violates the Olsons' procedural due-process rights as applied.
The U.S. and Minnesota constitutions provide that a person's life, liberty, or property shall not be deprived "without due process of law." U.S. Const. Amend. XIV, § 1 ; Minn. Const. art. 1, § 7. In reviewing a procedural-due-process challenge, we first "identify whether the government has deprived the individual of a protected life, liberty, or property interest," and if so, whether the " 'procedures followed ... were constitutionally sufficient.' " Sawh , 823 N.W.2d at 632 (quoting Swarthout v. Cooke , 562 U.S. 216, 219, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011) ). "[T]he government must provide an individual with notice and an 'opportunity to be heard at a meaningful time and in a meaningful manner.' " Id. (quoting Mathews v. Eldridge , 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) ).
*77 "A facial challenge to the constitutionality of a statute requires a showing that 'no set of circumstances exists under which the [statute] would be valid.' " SooHoo v. Johnson , 731 N.W.2d 815, 821 (Minn. 2007) (quoting Ohio v. Akron Ctr. for Reprod. Health , 497 U.S. 502, 514, 110 S.Ct. 2972, 2980, 111 L.Ed.2d 405 (1990) ). The facial challenger must show "that the legislation is unconstitutional in all applications." Minn. Voters Alliance v. City of Minneapolis , 766 N.W.2d 683, 696 (Minn. 2009). An as-applied challenge considers "the constitutionality of a statute based on the harm to the litigating party." Dunham v. Roer , 708 N.W.2d 552, 563 n.2 (Minn. App. 2006), review denied (Minn. Mar. 28, 2006).
Here, the district court held that Minn. Stat. § 169A.63, subd. 9(d), is unconstitutional because it violates the Olsons' right to due process. The court found that a driver and an innocent owner may be required to wait months or years for the related criminal matter to resolve before a hearing is held on the vehicle's prehearing seizure, which is what happened in this case. But on this record, there is no basis to disprove the alternative-procedural due process could be satisfied if the related criminal matter was resolved promptly and a review hearing of the vehicle's seizure under Minn. Stat. § 169A.63, subd. 9(d), was timely held.
The Olsons have failed to show that Minn. Stat. § 169A.63, subd. 9(d), is always unconstitutional, and so cannot successfully challenge the statute's constitutionality on its face. Minn. Voters Alliance , 766 N.W.2d at 694 ("In a facial challenge, once a constitutional application is identified, it is inappropriate to speculate regarding other hypothetical circumstances that might arise."). Because the Olsons' facial challenge fails as a matter of law, we address the issue of whether Minn. Stat. § 169A.63, subd. 9(d), is unconstitutional as applied to the Olsons.
A. The Mathews factors
In determining the constitutional sufficiency of the government's procedure, we review the factors articulated in Mathews v. Eldridge :
First, the private interest ... affected by the official action; second, the risk of an erroneous deprivation ... through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and [third], the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.
424 U.S. at 335, 96 S.Ct. at 903 ; Sawh , 823 N.W.2d at 634. In addition, for the first Mathews factor we consider: "(1) the duration of the revocation; (2) the availability of hardship relief; and (3) the availability of prompt post-revocation review." Heddan v. Dirkswager , 336 N.W.2d 54, 60 (Minn. 1983) (citing Mackey v. Montrym , 443 U.S. 1, 11-12, 99 S.Ct. 2612, 2617-18, 61 L.Ed.2d 321 (1979) ).
In granting summary judgment to the Olsons, the district court focused on the first Mathews factor, the private interest at stake. The district court noted that, "[f]or many [people] a vehicle is the most valuable property interest in their life," and concluded that, under Minn. Stat. § 169A.63, (1) the duration of the deprivation of property is permanent, (2) the hardship relief is illusory, and (3) in many cases the 180-day timeline for post-deprivation review is deceptive because the statute provides that no hearing on the vehicle's seizure will take place until after the related criminal matter is resolved. The district court also noted that, for innocent owners, the fate of their vehicle is tied to *78 the resolution of another's criminal case. The court concluded that Minn. Stat. § 169A.63, subd. 9(d), unconstitutionally denied the Olsons prompt, meaningful review following the prehearing seizure of the Lexus and thus violated their procedural due-process rights.
i. The first Mathews factor
Property interest in the Lexus
The record shows that Megan was the primary driver of Helen's Lexus. The state contends that the private interest at stake here is not significant because neither Helen nor Mary had a valid driver's license when the Lexus was seized. Viewing the facts in the light most favorable to the state, the record supports the state's argument. But that, by itself, does not negate that Helen has a continued property interest in the seized vehicle as its registered owner, including a monetary interest. On this record, the district court did not err in finding that the Olsons had a continued property interest in the Lexus.
Duration of the seizure and prompt, meaningful post-deprivation review
The district court found that the deprivation of the Lexus was permanent. We agree with the state that the relevant inquiry was the time between the prehearing seizure and the hearing, not the permanent forfeiture of the Lexus that could result following a hearing. Accordingly, the issue before us is whether the Olsons were denied a prompt, post-deprivation hearing from the August 2015 seizure until the February 2017 hearing. The state argues that Minn. Stat. § 169A.63, subd. 9(d), satisfies procedural due process on its face by requiring a post-deprivation hearing "at the earliest practicable date, and in any event no later than 180 days following the [claimant's] filing of the demand." However, the plain language of the statute also goes on to state that "the hearing shall not be held until the conclusion of the criminal proceedings," and that the forfeiture hearing shall be scheduled "as soon as practicable after the conclusion of the criminal prosecution."
In Fedziuk , the supreme court considered the constitutionality of the 2003 amendments to Minnesota's implied-consent law, which authorized the court to stay a prehearing suspension of a driver's license revocation if a hearing was not held in 60 days, but which removed the previous requirement that judicial review be "held at the earliest practicable date, and in any event no later than 60 days following the filing of the petition for review." 696 N.W.2d at 345-46. The supreme court noted that "[b]y eliminating the requirement for prompt postrevocation judicial review, the 2003 amendments affected the driver's private interest in continued possession and use of the license pending the outcome of a hearing, the first part of the three-part test from Mathews ." Id. at 346.
The Fedziuk court held that because the amended statute did not specify a time period for judicial review, it did not provide sufficiently prompt review of the prehearing deprivation of property. Id. at 347-48. It also held that the immediate administrative hardship relief contemplated by the statute, although prompt, did not provide sufficiently meaningful review to adequately protect the procedural due-process rights of deprived parties. Id. at 348. The Fedziuk court explained that "minimal due process requires that the petitioner be given the right to compel witnesses to attend the hearing and to cross-examine persons who prepared [the police reports and lab reports relied upon]" and that the immediate administrative review contemplated under the implied-consent law did not provide for such an evidentiary hearing. Id. at 347-48. It concluded that a prehearing revocation of a driver's license under the *79 amended implied-consent law procedure offended the driver's right to constitutional due process, and reinstated the earlier version of the law. Id. at 348-49.
Applying Fedziuk , here, the record shows that, because the resolution of the Olsons' forfeiture action was tied to the resolution of Megan's related criminal and implied-consent actions, pursuant to Minn. Stat. § 169A.63, subd. 9(d), no hearing was held on the validity of the initial or continued seizure of the Lexus for over 18 months. We agree with the district court's conclusion that this procedure unconstitutionally denied the Olsons prompt review of the prehearing seizure of the Lexus. We next consider whether the hardship relief available in the statute was sufficient to overcome this constitutional deficiency.
Inadequate hardship relief
The state argues that Minn. Stat. § 169A.63 provides adequate hardship relief to interested parties for the prehearing seizure of a vehicle. The district court held, as the Olsons argue, that the hardship relief provided for in Minn. Stat. § 169A.63 could not remedy the unconstitutional denial of a prompt, post-deprivation judicial review that occurred here. We agree with the district court.
Minn. Stat. § 169A.63, subd. 4, allows the vehicle's registered owner to obtain possession of the vehicle prior to the final judicial determination in the forfeiture action if the owner posts a bond equal to the retail value of the vehicle, and if a disabling device is placed on the vehicle. This gives the owner the right to possess the vehicle but not to drive it. The district court concluded, and the Olsons argue, that the relief offered by this provision is illusory because it merely gives a registered owner the right to park the vehicle.
Minn. Stat. § 169A.63, subd. 5a, provides that, prior to the district court's final determination in the forfeiture action, an interested person may file a petition for remission or mitigation of the forfeiture, which the prosecutor may grant under certain circumstances. The court did not address the relief offered under Minn. Stat. § 169A.63, subd. 5a, nor did the Olsons pursue such relief. In addition, Minn. Stat. § 169A.63, subd. 7, provides for limitations on a vehicle's forfeiture. In particular, if a registered owner establishes by clear and convincing evidence that he or she is an innocent owner under subdivision 7(d), the vehicle must be returned immediately to the owner. Minn. Stat. § 169A.63, subd. 9(g). Although Helen indicated her intent to pursue an innocent-owner defense under Minn. Stat. § 169A.63, subd. 7(d), she did not actually seek this protection at the district court.
On this record, we cannot determine whether the Olsons could have obtained adequate hardship relief under Minn. Stat. § 169A.63 because they failed to seek such relief. Furthermore, we agree with the district court that, even if the Olsons had pursued such relief, it would not have remedied the plain language of Minn. Stat. § 169A.63, which provides no initial hearing or administrative procedure for an interested party of the seized vehicle to seek immediate judicial review. As the district court noted, other vehicle-forfeiture laws in Minnesota require an initial hearing within 96 hours of a prehearing seizure of a vehicle subject to forfeiture. See, e.g. , Minn. Stat. § 609.5312, subds. 3(b) (addressing vehicle forfeiture for prostitution offenses), 4(b) (addressing vehicle forfeiture for fleeing a peace officer) (2016). Minn. Stat. § 169A.63 provides no similar protection and thus it allows for the scenario that occurred here-a prehearing deprivation of a vehicle with no judicial review of the initial seizure or its continued validity for over 18 months.
*80 The state contends that the hardship relief available under Minn. Stat. § 169A.63 is adequate. The state argues that criminal defendants receive prompt hearings in their DWI proceedings shortly after they are arrested and the vehicle is seized, and that a defendant has the right to demand a speedy trial to expedite the resolution of the criminal action. We believe that Krimstock v. Kelly , a Second Circuit decision, is persuasive on this issue, and illustrates the fault in the state's logic. 306 F.3d 40 (2d Cir. 2002).
The Krimstock court noted that while "there is an obvious overlap between probable cause for a seizure and the probable validity of a retention, the two are not necessarily coextensive" because finding that an initial seizure is supported by probable cause does not necessarily establish that continued deprivation is valid for the pendency of the proceedings. Id. at 49 (noting the possibility of an innocent owner). The Krimstock court concluded that once a vehicle is seized,
the Due Process Clause requires that claimants be given an early opportunity to test the probable validity of further deprivation, including probable cause for the initial seizure, and to ask whether other measures, short of continued impoundment, would satisfy the legitimate interests of the [state] in protecting the vehicles from sale or destruction [during the pendency of the litigation]....
Id. at 68.
Here, the plain language of Minn. Stat. § 169A.63, the hardship relief contemplated therein, and the probable-cause hearing following Megan's DWI arrest, failed to provide the Olsons with any prompt or meaningful review of the initial or continued validity of the prehearing deprivation of Helen's Lexus. The state thus retained Helen's Lexus pending final judicial determination in the forfeiture action without considering what means short of continued retention could guarantee that the vehicle was available for civil forfeiture. This procedure unconstitutionally deprived the Olsons of the Lexus without a prompt or meaningful opportunity to be heard.
ii. Remaining Mathews factors
In addressing the remaining Mathews factors, the district court concluded that the government's interest in protecting the public from repeated drunk drivers is obvious and significant, but that the administrative and financial burden of requiring a prompt, meaningful judicial review of the initial and continued validity of a prehearing seizure, as required by other vehicle-forfeiture statutes, is minimal. Our review of the remaining Mathews factors, as applied to this record, shows that the district court's logic was sound. And based on our review of all three Mathews factors, we conclude that Minn. Stat. § 169A.63, subd. 9(d), is unconstitutional as applied to the Olsons, and that the district court did not err in making this determination.
Because we have concluded that the procedure afforded to the Olsons was insufficient and that Minn. Stat. § 169A.63 subd. 9(d), is unconstitutional as applied to the Olsons, we decline to determine what "sufficiently meaningful review," as contemplated by Fedziuk , would protect an interested party's procedural due-process rights to a seized vehicle during the pendency of a DWI vehicle-forfeiture action.
DECISION
Because the record establishes that the Olsons were denied a prompt, meaningful review of the prehearing seizure of the Lexus seized pursuant to Minn. Stat. § 169A.63, the district court did not err in concluding that *81 Minn. Stat. § 169A.63, subd. 9(d), is unconstitutional as applied to the Olsons.
Affirmed.